Smith, J.
The question presented to us is, as to the proper construction to be placed upon the will of James A. Barnett, late of Warren County, Ohio, deceased, in the matter hereinafter particularly set forth. The facts in the case briefly stated are these:
Joseph Barnett was the father of James A. Barnett and ■Sarah J. Silvers. At the time of his death in 1870, he was the owner of a tract of sixty acres of land in Warren county. This land he devised to his son James A. Barnett, but directed that he should pay to his sister, Mrs. Silvers, the interest ($90.00) on $1,500.00, each year during her life, and at her death he was to pay the principal sum ($1,500.00) to her children or heirs of her body, if any. She is still living and lias several children, and all are defendants in this case *288 These payments were, by the will, expressly made a lien and charge upon the said sixty acre tract. James A. Barnett accepted this devise,and paid the interest on the $1,500.00, to Mrs. Silvers up to the time of his death, March 2, 1893. He died leaving two children, the plaintiff, Mrs. Parker and a son? Jos. S. Barnett. At his death he owned a farm of 150 acres — viz: The sixty acre tract devised to him by his father, and ninety acres adjoining it —the first tract lying north of the Springboro road, and the second south thereof,
By his will he gave the whole 150 acres to his widow, Sarah P. Barnett for her life — and subject to her interest therein he gave to his daughter, Mrs. Parker, the plaintiff, the sixty acre tract, and to his son, the ninety acre tract, the last however subject to this provision: “As the south part is the most valuable of the two tracts, in order to equalize said legacies, I direct that my son pay to my daughter the sum of fifteen hundred dollars, payable within one year after the death of my wife, without interest.” — Item third: “There is a dower interest of fifteen hundred dollars in said farm owned by Sarah J. Silvers, the annual annuity of which is $90.00, and the principal to be paid, at the death of Sarah J, Silvers. Now, while my wife lives, said annuity must be paid out of the proceeds of the farm, If the principal falls due, it must be paid by my said son and daughter in equal shares.” These are the provisions of the will as to which the controversy arises.
The further material facts are, that said Joseph S. Barnett, Mrs. Parker and Mrs. Barnett the widow, accepted the provisions of the will, but the latter died August 23, 1893. The First National Bank of Franklin obtained a judgment against said Joseph S. Barnett, and levied on the ninety arces, and purchased it at sheriff’s sale, January 1, 1894„ with full knowledge of all these facts, and is still the owner of the same. The plaintiff has never received the $1,500.00, directed to be paid to her by Jos. S. Barnett, and the Bank. *289 refuses to pay the same to her, although such payment was demanded of it by the plaintiff. The plaintiff has also paid to Mrs. Silvers, the one half of the interest or annuity due to her up to January, 1895, but the said Bank wholly refuses to pay the one half thereof, or any part of the saidjlnterest or annuity due to Mrs. Silvers.
The value of this ninety acre tract at the time of the making of the will and at the death of James A. Barnett, as compared with that of the sixty acre tract, was so much^more than the other, that if Joseph A. Barnett was bound to pay the $1,500.00 to his sister, and the one half of the principal and interest of the Silvers claim, the value of this devise of the ninety acres would have been greater than the value of that given to his sister.
The petition of the plaintiff seeks a decree against the Bank for the said sum of $1,500.00, with the interest thereon, and the sale of the ninety acre tract for the payment thereof, and that the court will find and decree that said ninety acre tract is also liable for and charged by said will with the payment of the one equal half of the principal sum of $1,500.00, payable on the death of Mrs. Silvers to her children, and for the one half of the interest or annuity payable to Mrs. Silvers, from January 1, 1884, and for other relief to which she may be entitled.
We do not understand that counsel for the Bank controvert the position,that if the will of James A. Barnett, when it devised the ninety acre tract to the son Joseph A. Barnett, made the*devise of land subject to the payment of the $1,500.00 to the plaintiff, and by the will he was also as a condition, or as a part of the scheme of the will, to pay the one half of the principal and interest of the Silvers claim, that it would operate as a lien or equitable charge on the land, and it would be liable for the payment thereof in the hands of the Bank, its present owner. Indeed we understand that it is now conceded that it is bound for the pay *290 mentof the $1,500.00 to the plain tiff, and this seems entirely -clear. It is claimed however, that there is no such direction in the will that Jos. A. Barnett was to pay the one half of the principal sum of $1,500.00 to the Silvers children on the ■death of their mother, or to pay to her, during her life, the ■one half of the interest, and therefore that there is no such ■charge on the land therefor.
It is further conceded, as we understand, that if the principal sum of $1,500.00 had become due and payable to the •children of Mrs. Silvers, on her death during the lifetime of Sarah Barnett, that the will did require it to be paid by Joseph A. Barnett and Mrs. Parker in equal shares, but that it is only in this event that he was to pay any part of the principal. But we are of the opinion that it was the manifest intention of the testator, that he was to pay the ■one half of such principal whenever it became payable. It is true that the provision in question reads that “if the principal falls due it, must be paid by my said son and ■daughter in equal shares. ” This we think ought not to have ■the construction that “if it fall’s due during the lifetime of his widow, ’ ’ but when it falls due, if ever. For it will be seen that the will of Joseph Barnett, the father of Mrs. Silvers, ■which provided for the payment of the principal sum, made it payable to the children or heirs of the body of Mrs. Silvers, and contained the express provision that “should there be none, then such payment is not to be made by my said son, •James A. Barnett. This is doubtless the contingency contemplated by the will of James A. Barnett as to its payment . This view is greatly strengthened by the fact that by the will of James A. Barnett his avowed purpose was to -equalize his two children in the division of his property, and that he would not have done so unless the son was to share in the payment of the principal of the Silvers claim if it became payable. We hold, then, that the ninety acre tract ■owned by the Bank is charged with the payment of one half *291 of the principal of the Silvers claim, if itbeccmes payable.
Thomas Millikin and John E. Smith, Attorneys for Plaintiff.
J. D. Miller and George W. Stanley, Attorneys for Bank.
Whether it is bound for the payment of any part of the-annuity to Mrs. Silvers, is a more doubtful question, but we-are of the opinion that it is not. Nowhere in the will of' James A. Barnett is there any direction in express,or"as we think even implied terms that he should pay the one half of' the annuity to Mrs. Silvers. During the life of the widow, it was to be paid from the proceeds of the whole farm — thus in effect by the widow. While there is a statement requiring • him to pay one half of the principal if it falls due,[there is-nothing said as to the payment of the annuity after the death of the widow, and we can not read in the will a requirement that he shall do so. This leaves the burden of the annuity - upon the sixty acres where it was placed by Joseph Barnett, the son.